**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-1205-WJM-SKC

BERNADETTE ROMERO, parent of Ronald T. Romero, and Personal Representative of the Estate of Ronald T. Romero, deceased,

    Plaintiff,

v.

CITY OF WESTMINSTER, a Colorado municipal corporation, and
THOMAS CUNNIGHAM, in his individual capacity,

    Defendants.

---

## ORDER DENYING DEFENDANTS' MOTION TO STRIKE EXPERT REPORT

---

    This matter is before the Court on City of Westminster and Thomas Cunningham's (jointly, "Defendants") Motion to Strike Expert Report ("Motion"). (ECF No. 60.) Plaintiff Bernadette Romero filed a response in opposition (ECF No. 65), to which Defendants filed a reply ("Reply") (ECF No. 66). For the following reasons, the Motion is denied.

### I. BACKGROUND

    This case involves the shooting death of Ronald T. Romero by City of Westminster Police Officer Thomas Cunningham. The deadline for rebuttal expert disclosures was January 4, 2021. (ECF No. 36.) On January 4, 2021, Plaintiff served her rebuttal expert disclosures, which included a rebuttal expert report (ECF No. 60-1) from Plaintiff's firearms ballistic expert, Charles Stephenson ("Stephenson"). (ECF No. 60 at 2.) Defendants' deposition of Stephenson was scheduled for March 24, 2021.

(*Id.*)

On March 18, 2021, Stephenson sent an addendum to his original report ("Addendum") (ECF No. 60-2) to Plaintiff's counsel, which was disclosed to Defendants on March 23, 2021.  (ECF No. 65 at 2.)  In the introduction of Stephenson's Addendum, he states that "[t]he purpose of this addendum is to clarify my conclusions relative to this incident."  (ECF No. 60-1 at 2.)

Defendants ask the Court to strike the Addendum and prohibit Stephenson from testifying at any legal proceeding as to its contents.  (ECF No. 60 at 4.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2)(E) states that "the parties must supplement [expert] disclosures when required under Rule 26(e)."  Rule 26(e)(1) provides that a party must supplement its expert reports if "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  The supplementation of expert reports is permissible only for the purposes of "correcting inaccuracies or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure."  *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006) (certain punctuation omitted for clarity).  "A supplemental expert report that states additional opinions or rationales or seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report exceeds the bounds of permissible supplementation and is subject to exclusion under Rule 37(c)."  *Id.*

Federal Rule of Civil Procedure 37(c) provides, in relevant part: "If a party fails to

2

provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." But a district court may "refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002). "Whether a failure to disclose is harmless and/or justified under Rule 37 depends upon several factors that a district court should consider in exercising its discretion." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). These factors include: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id*. "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness" of a Rule 26(a) violation. *Id*.

### III. ANALYSIS

The parties agree that the Addendum was filed after the deadline for rebuttal expert disclosures. (ECF No. 60 at 2; ECF No. 65 at 2.) Defendants argue that the Addendum was not a permissible supplementation of Stephenson's original report; therefore, the Court should strike the Addendum and prohibit Stephenson from testifying at any legal proceeding as to its contents. (ECF No. 60 at 2–4.)

Plaintiff argues that the Addendum "simply corrects a previous inaccuracy," which is permissible under Rule 26(e). (ECF No. 65 at 3.) Additionally, Plaintiff argues that even if the Addendum is not permissible under Rule 26(e), Rule 37(c) permits a

3

district court to refuse to strike expert reports and allow expert testimony if the violation of Rule 26 is "justified or harmless." (*Id.* at 3.)

In their Reply, Defendants withdraw their challenge to the part of the Addendum in which Stephenson clarifies his opinion that the first round shot by Cunningham was the fatal shot. (ECF No. 66 at 2.) Defendants accept Plaintiff's argument that Stephenson's clarification regarding the first round was a permissible supplement to the original report. (*Id.*) But they argue that the rest of the Addendum should be stricken.[1] (*Id.*) Defendants do not respond to Plaintiff's argument that any violation of Rule 26 was harmless in these circumstances. (*Id.*)

In determining whether Plaintiff's late disclosure of the Addendum was harmless, the Court considers the *Woodworker's Supply* factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." 170 F.3d at 993. Here, the Court finds that: (1) there is no prejudice to Defendants because the Addendum did not significantly alter the character of the expert's opinion; (2) any slight prejudice was cured when Defendants had the opportunity to cross-examine Stephenson for several hours during his deposition; (3) there will not be a disruption to the trial because the trial date has not been set; and (4) there is no evidence of Plaintiff's bad faith in causing the late disclosure of the Addendum. Because all the *Woodworker's Supply* factors weigh in favor of the Plaintiff, the Court finds that the delayed disclosure of the Addendum was

---

[1] For the first time in their Reply, Defendants take issue with three specific opinions in the Addendum: (1) "The Romero vehicle was moving from the officer's right to his left when shots were fired" (ECF No. 60-2 at 2); (2) "The Officer . . . was firing at the head of Romero" (*id.*); and (3) information related to bullet and fragment weights (*id.* at 3). (ECF No. 66 at 2.)

harmless.  Therefore, the Motion is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that Defendants' Motion to Strike Expert Report (ECF No. 60) is DENIED.

Dated this 22st day of December, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge

5